UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL L. MORENO,

    Plaintiff,                                           Case No. 2:20-cv-13292

v                                                   Honorable Robert H. Cleland
                                                     Magistrate Judge David R. Grand

ERIC LINDBLADE,
JASON MODRZEJEWSKI,
JOHN DOE #1,
JOHN DOES #2-8 (SEVEN UNNAMED FEDERAL AGENTS),
JOHN DOES #9-13 (FIVE UNNAMED FEDERAL ATTORNEYS),
and the CITY OF STERLING HEIGHTS, MICHIGAN,

    Defendants.

## STIPULATED PROTECTIVE ORDER

**THIS MATTER** having come before this Honorable Court upon stipulation of counsel for Plaintiff and for Defendants, and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that, if requested under Fed. R. Civ. P. 34 and subject to any and all objections to such requests, the personnel files, including any training and discipline records, for Defendants Eric Lindblade, Jason Modrzejewski, John Doe #1, and any subsequently named Sterling Heights Police Officer will be produced without personal information, including but not limited to: addresses,

telephone numbers, social security numbers, names of family members, and privileged information;

1. The documents subject to this Protective Order shall be used solely and exclusively for the purposes of the instant lawsuit and can be used in any and all court filings, judicial proceedings, depositions, alternative dispute resolution proceedings, trial, and/or any other judicially-related proceedings.

2. The documents subject to this Protective Order shall not be used in or for any other case, proceeding, dispute, or for any personal, commercial, business, or competitive purpose whatsoever.

3. The documents subject to this Protective order may be reviewed by Counsel for the parties, Counsels' staff, those individuals associated with the activities cited in subparagraph (1), and such experts and/or consultants as Counsel deems necessary for purposes of this litigation.

4. The documents provided pursuant to this Protective Order may be disclosed only to those individuals and/or entities identified in this Protective Order and must be used only by those individuals and/or entities identified in this Protective Order and must only be used for purposes of this litigation.

**IT IS FURTHER ORDERED** that nothing in this Protective Order shall prevent a party from filing a Motion for Modification of the Protective Order.

**IT IS FURTHER ORDERED** that this Protective Order shall survive and remain in full force and effect until the entry of final judgment (including any appellate

proceedings) in this case, whether by settlement or litigation, unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that the documents produced under this Protective Order do not constitute an admission and/or agreement that any such document is admissible as evidence in this case. Determinations of evidence admissibility will be made by the Court in separate proceedings.

**IT IS FURTHER ORDERED** that the documents produced pursuant to this Protective Order shall be destroyed by Plaintiff's and/or Defendants' Counsel after final disposition (including all appeals) of the case except any documents attached to any pleadings filed with the court, deposition exhibits, or other pleadings.

**IT IS FURTHER ORDERED** that this Protective Order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statue, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth:

i. The authority for the sealing;

ii. An identification and description of each item proposed for sealing;

iii. The reason that sealing each item is necessary;

iv. The reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing;

3

    v.    A memorandum of legal authority supporting the sealing.

**IT IS SO ORDERED.**

**February 22, 2022**

                **<u>s/Robert H. Cleland</u>**
                **HONORABLE ROBERT H. CLELAND**

We Stipulate and Agree to Entry of the Above Order:

s/ <u>JEFFREY L. HERRON</u>
JEFFREY L. HERRON (P38058)
Attorney for Plaintiff
440 Burroughs St., Suite 332
Detroit, MI 48202
(734)277-0913
herronlawgroup@gmail.com

s/ <u>ROBERT W. VANWERT</u>
G. GUS MORRIS (P32960)
ROBERT W. VANWERT (P70957)
McGRAW MORRIS P.C.
Attorneys for Defendant Lindblade
2075 W. Big Beaver Road, Ste. 750
Troy, MI 48084
(248)502-4000
gmorris@mcgrawmorris.com
rvanwert@mcgrawmorris.com

s/ <u>NATHAN D. PETRUSAK</u>
MARC D. KASZUBSKI (P60333)
NATHAN D. PETRUSAK (P75359)
O'REILLY RANCILIO P.C..
Attorneys for Defendants Modrzejewski
and the City of Sterling Heights
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586)726-1000
mkaszubski@orlaw.com
npetrusak@orlaw.com